# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| KURT ZITZLER,<br><br>        Plaintiff,<br><br>       v.<br><br>COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,<br><br>        Defendant. | Civil No. 17-5790 (RMB)<br><br>**MEMORANDUM OPINION & ORDER** |

**BUMB**, United States District Judge:

This matter comes before the Court upon an appeal by Plaintiff Kurt Zitzler from a partial denial of social security disability benefits. Relevant to the instant appeal, the ALJ rendered a decision favorable to Plaintiff for the period on and after Plaintiff attained age 55. An unfavorable decision was rendered as to the period before Plaintiff attained 55.[1]

With regard to the unfavorable portion of the decision, Plaintiff contends on appeal that the ALJ erred as a matter of law by not including in the decision a discussion of whether Plaintiff's case presented a "borderline age situation" under 20

---

[1] The ALJ found that Plaintiff had the following severe impairments: degenerative disc disease, post-traumatic stress disorder, major depressive disorder and substance addiction disorder, in recovery. [Administrative Record, p. 45]

1

C.F.R. § 404.1563.[2]

Defendant responds that "[t]his is not a borderline age case[,]" because Plaintiff was "approximately 5 months and 7 days too young to meet the age category's criteria on his date last insured." (Opposition Brief, p. 1)

Defendant ultimately may be correct that this is not a borderline age case. Compare Kane v. Heckler, 776 F.2d 1130, 1133 (3d Cir. 1985) (stating that a borderline case is one where the claimant is "a few days or months before the attainment of a certain age") with Roberts v. Barnhart, 139 F. App'x 418, 420 (3d Cir. 2005) ("there [is no] authority extending the benefits of a 'borderline' age determination to persons . . . who are within five (5) to six (6) months of their fiftieth birthday.").[3]

---

[2] "On their face, the Grids make bright-line distinctions by age, but the SSA's regulation, 20 C.F.R. § 404.1563(b), promises that where applicants are 'within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that [they] are disabled, [SSA] will consider whether to use the older age category after evaluating the overall impact of all the factors of [the] case.' In such 'borderline' age cases, the SSA cannot mechanically apply the Grids' age categories, but must 'give full consideration to all relevant facts....'" Lucas v. Barnhart, 184 F. App'x 204, 206 (3d Cir. 2006).

[3] But see, Vaughn v. Astrue, No. CIV.A. 10-155, 2011 WL 1628031, at *5-6 (W.D. Pa. Apr. 28, 2011) (collecting cases holding that six months, seven months, and ten months before the next age category required a borderline age analysis, and explaining "[t]he outer limits of what constitutes a 'borderline age situation' remains unsettled[.]").

However, the ALJ must make the determination in the first instance; failure to do so is reversible error. Lucas, 184 F. App'x at 207 (remanding to the SSA to "determine whether the 106-day period . . . is 'within a few days to a few months of reaching an older age category under' § 404.1563(b)"); Kane, 776 F.2d at 1134 (remanding to SSA to decide whether, "given claimant's age and circumstances" on the relevant date, the claimant was placed in the correct age category).[4] The ALJ's decision evidences no consideration of the borderline age issue. Thus, upon remand, consistent with HALLEX § I-2-2-42(C)(5), the ALJ should "explain in the decision that he or she considered the borderline age situation, state whether he or she applied the higher age category or the chronological age, and note the specific factor(s) he or she considered."[5]

Accordingly, the Court **vacates** the decision of the ALJ and

---

[4] See also, Byers v. Astrue, 506 F. App'x 788, 791 (10th Cir. 2012) ("we need not decide in this case whether a five-and-a-half month gap qualifies as borderline. Based on the record before us, it is unclear whether the ALJ was even aware of the potential borderline situation in this case. . . . Thus, a remand is in order."); Talbot v. Berryhill, 2018 WL 3575302, at *4 (E.D. Pa. July 24, 2018) (remanding case, explaining that "[t]he ALJ must determine whether plaintiff was within a 'borderline age' category.").

[5] See also, POMS DI 25015.006(G) ("Document how you considered borderline age whether you allow or deny the claim: Explain your decision to use the next higher age category or your decision to use the claimant's chronological age, including the case-specific supporting factors.").

3

**remands** for proceedings consistent with the above analysis.

**ACCORDINGLY**, it is on this _8th_ day of January, 2019,

    **ORDERED** that the decision of the Administrative Law Judge is **VACATED** and the case is **REMANDED** for further proceedings consistent with this Memorandum Opinion; and it is further

    **ORDERED** that the Clerk of Court shall close this case.

    ___s/ Renée Marie Bumb___
    RENÉE MARIE BUMB, U.S.D.J.